UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEVEN D. W., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 20-CV-0378-CVE-JFJ |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| | ) |
|     Defendant. | ) |

**OPINION AND ORDER**

Before the Court are plaintiff's motion for award of attorney fees pursuant to the Equal Access to Justice Act (Dkt. # 24), defendant's response in opposition to plaintiff's motion for EAJA fees (Dkt. # 25), and plaintiff's reply (Dkt. # 26). Plaintiff requests $7,586.20 in attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). Dkt. # 25, at 3. "Defendant objects to plaintiff's EAJA fee request because the number of hours [p]laintiff has requested is unreasonable given the standard arguments raised and [p]laintiff's attorneys' familiarity with the case." Dkt. # 25, at 1.

On July 31, 2020, plaintiff filed this case seeking judicial review of the decision of the Commissioner of Social Security Administration (SSA) denying his claim for disability benefits. Dkt. # 2. The matter was referred to a magistrate judge for a report and recommendation, and the magistrate judge recommended that the Court reverse and remand the Commissioner's decision for further administrative proceedings. Dkt. # 21. The magistrate judge found that the administrative law judge (ALJ) did not fulfill his duty to develop the record by failing to obtain a recommended consultative exam. Id. at 7. Defendant did not file an objection to the report and recommendation.

Dkt. # 22, at 1.  The Court accepted the magistrate judge's report and recommendation, and reversed and remanded the case for further administrative proceedings.  Dkt. ## 22, 23.

Plaintiff has filed a motion seeking attorney fees under the EAJA.  Under the EAJA, "a fee award is required if:  (1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust."  Hackett v. Barnhart, 475 F.3d 1166, 1172 (10th Cir. 2007).  Under § 2412(d)(2)(A), the amount of fees awarded pursuant to the EAJA includes "reasonable attorney fees."  28 U.S.C. § 2412(d)(2)(A).

Defendant does not dispute that plaintiff is a prevailing party, does not argue that defendant's position was substantially justified, and does not assert that there are any special circumstances that would make an award of fees unjust in this case.  Dkt. # 25.  However, defendant objects to the amount of EAJA fees requested by plaintiff's counsel.  Dkt. # 25, at 1-2.  Defendant argues that plaintiff's counsel spent an unreasonable amount of time on the case, and plaintiff's counsel has improperly billed for clerical work.  Id. at 3-4.  The Court has reviewed the hours and rate submitted by plaintiff's counsel and finds that the amount is reasonable.  The administrative record in this case was lengthy and required extensive review by counsel, and plaintiff's counsel spent an appropriate amount of time reviewing the administrative record and drafting an opening brief.  Plaintiff's counsel also refrained from seeking attorney fees for certain administrative tasks and even for some tasks that were performed by an attorney, such as providing information, legal explanations, and case updates to the claimant.  Dkt. # 26, at 3; see also Dkt. # 24, at 4-6 (plaintiff's itemization of services rendered).  Thus, the Court does not find that plaintiff's counsel improperly sought to recover fees for clerical or administrative tasks.  Plaintiff will be awarded attorney fees in the

amount of $7,586.20.  Further, if plaintiff's counsel is ultimately awarded attorney fees under 42 U.S.C. § 406(b), counsel must refund to plaintiff the smaller of the EAJA award or the § 406(b) award pursuant to Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

**IT IS THEREFORE ORDERED** that plaintiff's motion for award of attorney fees pursuant to the Equal Access to Justice Act (Dkt. # 24) is **granted**, and plaintiff shall be awarded attorney fees in the amount of $7,586.20.  A separate judgment is entered herewith.

**DATED** this 9th day of February, 2022.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE